**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

KEVIN ROGER BUCKLEY,

             Plaintiff,

       v.                                  15-CV-0341-A
                                          **ORDER**

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

             Defendant.

_____

       Plaintiff's counsel has filed a motion for approval of his fee pursuant to 42 U.S.C.
§ 406(b).  Before approving counsel's fee, the Court must perform an "independent
check[]" of the request.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  Upon such
review, the Court may approve a "reasonable fee."  42 U.S.C.  § 406(b).  After its
independent check, and for the reasons stated below, the Court finds that counsel's
requested fee of $37,300 is reasonable in this case.

## BACKGROUND

       On April 20, 2015, counsel filed a complaint in this Court pursuant to 42 U.S.C.
§ 405(g).  The complaint sought review of the Commissioner's decision denying Plaintiff's
application for Social Security benefits.  *See* Docket No. 1.  After counsel filed a motion
for judgment on the pleadings, the parties stipulated to a remand.  Soon thereafter, the
parties also stipulated that, under the Equal Access to Justice Act (EAJA), counsel was
entitled to fees and expenses totaling $6,850.

On remand, the Administrative Law Judge issued a decision in favor of the Plaintiff. The Commissioner later found that the Plaintiff was entitled to $161,691 in past-due benefits. The Commissioner, however, withheld 25 percent of that amount (totaling $40,836) for possible attorneys' fees.

Counsel then filed a motion for fees pursuant to 42 U.S.C. § 406(b), which is now before the Court. Counsel's motion seeks $37,300 of the $40,836 that the Commissioner has withheld from the Plaintiff's past-due benefits. Counsel states that, if he is awarded the fee he seeks, he will, as required by statute, refund his $6,850 EAJA fee to his client. *See* Docket 25-1 at 8. *See also Gisbrecht*, 535 U.S. at 796. In support of his § 406(b) motion, counsel includes his billing records for this case, which show that he spent 37.3 hours on his representation of the Plaintiff. *See* Docket No. 25-2 at ¶13.

## DISCUSSION

### A. Standard for awarding fees under § 406(b)

The Social Security Act allows an attorney who successfully represents a Social Security claimant "before the court" to petition that court for "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b). The Supreme Court has held that § 406(b) "calls for court review of [contingent-fee] arrangements as an independent check[] to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Towards that end, "Congress has provided" courts with "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* (citing 42 U.S.C. § 406(b)).

"Within the 25 percent boundary," an attorney must show that "the fee sought is reasonable for the services rendered." *Id.* In other words, an attorney's fee is not presumptively recoverable simply because it is equal to or less than 25 percent of the client's recovery. Rather, § 406(b) "requires an affirmative judicial finding that the fee allowed is 'reasonable.'" *Id.* n.17 (internal quotation marks omitted). "[T]he attorney bears the burden of persuasion that the statutory [reasonableness] requirement has been satisfied." *Id.*

The Supreme Court has identified several factors that a court may use to assess the reasonableness of a contingent fee requested under § 406(b). First, a court may consider "the character of the representation and the results the representative achieved." *Id.* at 808. Second, a court may reduce an attorney's requested fee if the court finds that the attorney is responsible for delay in obtaining a judgment. In other words, because the attorney's fee is contingent on his client's recovery of past-due benefits, and because past-due benefits increase the longer a case lingers, the court may appropriately reduce a fee "so that the attorney will not profit" from delay that is attributable to him. *Id.* And third, a court may reduce a fee if the court concludes that the benefits recovered—which drive the size of an attorney's potential fee—"are large in comparison to the amount of time counsel spent on the case." *Id.*

The Supreme Court and the Second Circuit have also identified two factors that act as a check on a court's reduction of an attorney's requested fee under § 406(b).

First, courts must be mindful that "payment for an attorney in a social security case is inevitability uncertain." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). Thus, the Second Circuit has "recognized that contingency risks are necessary factors in

determining reasonable fees under § 406(b)." *Id.* (internal quotation marks omitted). In other words, while "contingent fee agreements cannot simply be adopted as *per se* reasonable in all social security cases," courts should recognize that "a contingency agreement is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment." *Id.*

Second, "the traditional lodestar method, borrowed from fee-shifting contexts, is not appropriate for evaluating a reasonable fee" under § 406(b). *Id.* Thus, the Court may not evaluate the "reasonableness" of the attorney's fee by engaging in "satellite litigation." *Gisbrecht*, 535 U.S. at 808. The Court should instead evaluate "the reasonableness of the contingency agreement in the context of the particular case." *Wells*, 907 F.2d at 371.

Putting these principles together, a court's task under § 406(b) is, on the one hand, to "give due deference to the intent of the parties," but, on the other hand, to "not blindly approve every fee request made pursuant to a contingent agreement." *Wells*, 907 F.2d at 372. At bottom, a court should consider "whether there has been fraud or overreaching in making the agreement," or "whether the requested amount is so large as to be a windfall to the attorney." *Id.*

### B. Whether counsel's requested fee is "reasonable" under § 406(b)

With these principles in mind, the Court assesses the reasonableness of counsel's requested fee. Counsel's requested fee, although slightly less than the 25% of what he is entitled to request under his contingency agreement, would amount to an effective hourly rate of $1,000 per hour. The Court does not suggest that counsel's requested fee is, in any way, the product of "fraud or overreaching," *id.*, but the size of counsel's

requested fee does give the Court some concern that the fee would amount to a windfall. In assessing whether a requested fee would be a "windfall" for purposes of § 406(b), courts consider several factors, including "1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases." *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456-57 (W.D.N.Y. 2005).

Applying these factors here, the Court concludes that counsel's requested fee would not be a windfall. First, there is no question that counsel's efforts were "particularly successful"—the Plaintiff recovered (before fees) over $160,000 in past-due benefits. Viewed in this light, counsel's requested fee appears to be relatively modest. And second, after counsel filed a motion for judgment on the pleadings, the Commissioner stipulated to remand. Although the reasons for the Commissioner's decision are not in the record, it is reasonable to assume that counsel's thorough motion played a significant role in identifying reasons why remand was appropriate, thereby quickening resolution of this case. Counsel's skill and ability therefore appears to have ensured that this case progressed quickly. This weighs heavily in the Court's decision to award counsel his requested fee.

Finally, the Court must consider the Second Circuit's reminder that a contingency agreement, which is largely the basis for the fee counsel seeks, "is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to

secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment." *Wells*, 907 F.2d at 371. Thus, in assessing whether counsel requested fee is reasonable under § 406(b), the Court is very cognizant of the fact that counsel assumes the risk of nonpayment in all of his Social Security matters.

After considering these all of these facts, the Court concludes that counsel's requested fee is "reasonable." 42 U.S.C. § 406(b). The Court finds that counsel's requested fee is not a windfall, that counsel did not delay the resolution of this case, and that counsel's requested fee reasonably compensates an attorney with his experience in handling Social Security claims.

## CONCLUSION

Counsel's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b) is granted. The Court finds that counsel is entitled to recover $37,300 for his work on this case. Thus, the Commissioner shall release to Timothy Hiller, Esq. $37,300 of the funds she has withheld from the Plaintiff's award. Further, counsel shall refund his $6,850 EAJA fee to the Plaintiff. *See* Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186.

**SO ORDERED.**

Dated: July 10, 2018          ___*s/Richard J. Arcara*_____
    Buffalo, New York          HONORABLE RICHARD J. ARCARA
                                  UNITED STATES DISTRICT JUDGE